# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Samuel Watters,** | ) | CASE NO. 1: 25 CV 514 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Governor Mike DeWine,** *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## Background

*Pro se* Plaintiff Samuel Watters, an Ohio prisoner incarcerated in the Richland Correctional Institution, has filed an *in forma pauperis* prisoner civil rights complaint in this case pursuant to 42 U.S.C. § 1983 against multiple Defendants: Governor Mike DeWine, Doctor Eddie, Inspector Warden Kelly Rose, Deputy Warden Klowicki, Deputy Warden Allen, Ohio Department of Rehabilitation and Corrections Director Annette Chambers Smith, Dave Yost, the United States Attorney Generals Office, Doctor Cornwell, Doctor Brill, and Chief Inspectors John and Jane Doe. (Doc. No. 1.)

His handwritten complaint is largely illegible and fails to set forth cogent specific allegations and legal claims against each of the various Defendants. Instead, Plaintiff's complaint sets forth an unclear and conclusory numbered list of grievances and purported civil rights violations without explanation or underlying factual allegations. As best as the Court is able to discern, Plaintiff alleges: (1) "deliberate indifference to serious medical needs"; (2) "known risk of disregard"; (3) "failure to protect" and "to abate"; (4) "obstruction of justice";

(5) "wrongfull diagnosis"; (6) "refused medical treatment and care"; (7) "conspiracy"; (8) "complicity"; (9) "organized crime"; (10) "racketeering"; (11) "harassment"; (12) "retaliation"; (13) "injurys pain"; (14) "suffering"; (15) "mental anguish"; (16) "psychological trauma"; (17) "mail tampering"; (18) "[illegible] drugs smoke"; (19) "black mold showers and sinks"; (20) "water contamination & Clean Water Act violations"; (21) "Clean Air violations"; (22) "ACTS"; (23) "Lung & Heart damaged and suffered [illegible]"; (24) "they damaged my stomach"; (25) "my brain"; (26) "eyes"; (27) "ears"; (28-30, 32) denial of "access to the courts"; (31) "denial of right to protect myself"; (33) "cruel and unusual punishment"; and (34) "freedom from [cruel and unusual punishment]." (*Id*. at 11-12.) The remainder of his complaint is either illegible or incomprehensible.

In addition to his complaint, Plaintiff has filed motions to proceed *in forma pauperis* (Doc. No. 2); for appointment of counsel (Doc. Nos. 3 and 4); "to prohibit ODRC staff from interferring with the Courts correspondence with [him]" (Doc. No. 5); and to amend his "claim" to add additional Defendants (*i.e*., Lieutenant Yockey, Angela Stuff, the Ohio Department of Rehabilitation and Corrections, the "North Central Correctional Institution's Institutional Inspector (last name Shuler)," and Ohio State University Hospital). (Doc. No. 8.)

Plaintiff's motion to proceed *in forma pauperis* has been granted by separate order, and the Court also grants his motion to amend the complaint. He is entitled to amend his complaint as a matter of right under Fed. R. Civ. P. 15(a), which provides that a party "may amend its pleading once as a matter of course" no later than 21 days after serving it or 21 days after service of a responsive pleading or dispositive motion.

**Standard of Review**

-2-

Because Plaintiff is proceeding *in forma pauperis* and seeks redress from governmental defendants, his complaint is now before the Court for initial review under 28 U.S.C. §§ 1915(e) and 1915A. Those statutes require district courts to screen all *in forma pauperis* complaints, and any complaint in which a prisoner seeks redress from governmental defendants, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To survive a dismissal for failure to state a claim, a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under §§ 1915(e) and 1915A).  Detailed factual allegations are not required, but the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).   Further, although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment generally accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

**Discussion**

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to §§ 1915(e) and 1915A. Even liberally construed, the statements and allegations set forth in Plaintiff's pleading are so unclear, incomprehensible, and conclusory that they fail to meet basic pleading requirements necessary to state a claim in federal court or give Defendants fair notice of what his claims against them are and the bases on which they rest. His complaint, even liberally construed, fails to raise a right to relief on any federal civil claim against any Defendant above a speculative level. *See Iqbal,* 556 U.S. at 678 (a complaint must contain sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, the Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012), quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did . . . "). Where, as here, individuals are merely named as defendants in a civil rights action

without supporting allegations of cogent specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

In addition, the supervisory Defendants cannot be held liable under § 1983 solely on the basis of *respondeat superior* that they denied an administrative grievance, or because they failed to correct or intervene in the conduct of a subordinate. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Government entities and agencies, such as the ODRC, are not persons subject to suit under § 1983. *See Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) (noting "multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983"). Additionally, the Ohio State University Hospital is immune from suit in federal court under the Eleventh Amendment. *Matteson v. Ohio State Univ.*, No. C2-99-1267, 2000 WL 1456988, *3 (S.D. Ohio Sept. 27, 2000) (it is well settled that the Ohio State Medical Center is an instrumentality of the State of Ohio entitled to Eleventh Amendment immunity).

**Conclusion**

Accordingly, for all of the foregoing reasons, Plaintiff's complaint fails to state a plausible federal claim under § 1983 upon which he may be granted relief and is dismissed

pursuant to 28 U.S.C. §§ 1915(e) and 1915A. His remaining pending motions are both denied. Appointment of counsel in civil cases is justified only in "exceptional circumstances," *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993), which the Court does not find present here. And, Plaintiff has not demonstrated a basis to find that ODRC staff is interfering with his correspondence.

    The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Court Judge

Dated: 7/2/25